# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIPE GOVEA, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-07-CV-0716 XR (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

## SECOND REPORT AND RECOMMENDATION

**TO:    Honorable Xavier Rodriguez**
**United States District Judge**

This report and recommendation addresses plaintiff Felipe L. Govea's motion to reopen this case.[1]  The district judge referred the motion to me.[2]  After considering the motion, I recommend dismissing the motion for lack of jurisdiction.

Govea brought this action for judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner), determining that Govea is not disabled for the purposes of the Social Security Act and denying Govea's applications for Disability Income Benefits (DIB) and Supplemental Social Security Insurance (SSI).  In my first report and recommendation, I recommended affirming the Commissioner's decision.[3]  After Govea failed to object to my recommendation, the district judge accepted the recommendation and affirmed the

---

[1]Docket entry # 27.

[2]*See* text order, dated 9/30/2008.

[3]Docket entry # 19.

Commissioner's decision.[4]  The district judge denied Govea's request for a 30-day extension of time to file objections.[5]  A week later, Govea filed the motion to reopen this case.

In the motion, Govea asked the district judge to reopen this case to consider new evidence.  Govea identified the new evidence as the award of SSI benefits based on an application filed on March 20, 2006.  The applications in this case were filed on April 17, 2003.  Govea explained that he was not awarded DIB benefits because his DIB eligibility expired before he filed his March 20, 2006 applications and that he is ineligible for SSI "because of specific issues regarding his 'green card' status."[6]  Govea argued that because it had been shown in the subsequent case—the case for the March 20, 2006 applications—that he has been disabled since early 2005, this case should be reopened.  For the reasons discussed below, the district judge has no jurisdiction to reopen this case.

The district court's jurisdiction is provided for in 42 U.S.C. §§ 405(g),[7] 1383(c)(3).[8]

---

[4]Docket entry # 24.

[5]*See* docket entry # 23 (waiting until after the time to object had expired and asking for more time to object because counsel had an unexpected heavy workload and travel) & docket entry # 26 (determining that Govea failed to show excusable neglect and denying motion for extension of time).

[6]Docket entry # 27, p. 2.

[7]*See* 42 U.S.C.A. § 405(g) ("Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.") (emphasis added in parenthetical).

[8]*See* 42 U.S.C.A. § 1383(c)(3) ("The *final determination* of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.") (emphasis added in parenthetical).

Those provisions permit the district to review the Commissioner's final decision. A decision denying a request to reopen a case is not a final decision.[9] In explaining why the district court lacks jurisdiction to review a decision denying a request to reopen a claim, the Supreme Court has explained as follows:

> We also agree that § 205(g) [same as 42 U.S.C. §§ 405(g)] cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits. . . . Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.[10]

The SSA regulations on reopening cases do not specify any formal procedures for reopening a claim, but the regulations indicate that the SSA, not the district court, can reopen a case.[11] The administrative decision attached to Govea's motion to reopen indicates that he asked the ALJ to reopen this case during the hearing on his March 20, 2006 applications. The ALJ's decision explained why this case cannot be reopened. The ALJ explained that Govea's insured status for

---

[9] *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (stating that Commissioner's denial of request to reopen case is not a final decision subject to judicial review by district court); 20 C.F.R. § 404.903(l) (listing the denial of a request to reopen a DIB determination or decision as not subject to judicial review); 20 C.F.R. § 416.1403(a)(5) (listing the denial of a request to reopen a SSI determination or decision as not subject to judicial review).

[10] *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (reserving the case in which the claimant raised a constitutional challenge).

[11] *See* 20 C.F.R. § 404.987(b) ("*We* may reopen a final [DIB] determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if *we* reopen the determination or decision, *we* may revise that determination or decision.") (emphasis added to quotation in parenthetical); 20 C.F.R. § 416.1487(b) (" *We* may reopen a final determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if *we* reopen the determination or decision, *we* may revise that determination or decision.") (emphasis added to quotation in parenthetical).

DIB expired on December 31, 2004; two medical experts testified that the record contained no evidence of disability before March or April 2005, and thus no evidence exists of disability prior to the expiration of Govea's insured status; and Govea's SSI application cannot be reopened because the time for doing so has passed.

The hearing on the March 20, 2006 applications is at least the second time Govea has asked for the reopening of this case. The first time was after the Appeals Council denied Govea's request for review of the ALJ's decision in this case. After the Appeals Council denied the request for review, Govea asked the Appeals Council to reopen the case to consider additional evidence. The Appeals Council refused to reopen the case, but extended the time for filing this case. Govea raised the denial of his request to reopen as an allegation of error. He argued that the Commissioner's decision is not supported by substantial evidence because the Appeals Council failed to properly consider his new evidence.

I explained in my first report and recommendation that some of Govea's new evidence did not meet the materiality requirement for reopening a case and that the other new evidence presented no reasonable probability of changing the outcome of the Commissioner's decision.[12] I concluded that the Appeals Council did not err in refusing to reopen the case.[13] Because the district court lacks jurisdiction to review a decision not to reopen a case, this conclusion would have been better stated as, "The Commissioner's decision is supported by substantial evidence even though the Appeals Council did not consider Govea's new evidence because the evidence did not provide a basis for reopening the case."

---

[12]Docket entry # 19, pp. 9-13.

[13]*Id*. at p. 13.

Twice asking for the reopening of this case illustrates the Supreme Court's reasoning about why decisions about reopening cases is beyond judicial review—the decision "to limit judicial review to the original decision denying benefits . . . forestall[s] repetitive or belated litigation of stale eligibility claims."  The district court may be sympathetic to Govea's situation—being awarded SSI benefits only to learn that he is ineligible for those benefits—but the court has no jurisdiction to reopen his case.  Consequently, I recommend DISMISSING the motion (docket entry # 27) for lack of jurisdiction.

In the event the district judge construes the motion to reopen as a motion for an extension of time to object to the first report and recommendation, I recommend DENYING the motion because there is nothing to gain from objections based on new evidence.  The evidence of disability that Govea referred to in his motion—and in the ALJ's opinion awarding benefits—is probably Dr. Freeman's responses to a one-page medical questionnaire, dated March 1, 2005.[14] Dr. Freeman is Govea's chiropractor.  In the questionnaire, Dr. Freeman stated that Govea is disabled from performing any and all activities associated with gainful employment due to failed back surgery with ongoing aggravation.  That evidence will not change the result in this case because a chiropractor is not an acceptable medical source under the SSA's regulations.[15]  In

---

[14]SSA record, p. 358.

[15]See 20 C.F.R. §§ 404.1513(a), 416.913(a); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (explaining that a chiropractor cannot not establish the existence of an impairment because a chiropractor is not considered an "acceptable source" under the SSA's regulations); Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997) (determining that an ALJ has the discretion to determine the weight to give to a chiropractor's opinion because a chiropractor is not a medical source); Diaz v. Shalala, 59 F.3d 307, 313 (2d Cir. 1995) ("Because the regulations do not classify chiropractors as either physicians or 'other acceptable medical sources,' chiropractors cannot provide medical opinions.").

addition, new evidence in the form of a benefits award based on the March 20, 2006 applications

falls outside the time period for which benefits were denied in this case—July 17, 2000 to

September 5, 2005.  Thus, the award has no relevance to the decision reviewed in this case.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on

all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a

"filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested.  Written objections to this report and recommendation must be

filed within 10 days after being served with a copy of same, unless this time period is modified

by the district court.[16]  Such party shall file the objections with the clerk of the court, and serve

the objections on all other parties and the magistrate judge.  A party filing objections must

specifically identify those findings, conclusions or recommendations to which objections are

being made and the basis for such objections; the district court need not consider frivolous,

conclusive or general objections.  A party's failure to file written objections to the proposed

findings, conclusions and recommendations contained in this report shall bar the party from a *de*

*novo* determination by the district court.[17]  Additionally, failure to file timely written objections

to the proposed findings, conclusions and recommendations contained in this memorandum and

recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[16]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[17]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

district court.[18]

      **SIGNED** on October 13, 2008.

*Nancy Stein Nowak*
—————————————
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).